## IN THE UNITED STATES DISTRICT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOSE MARTIN MARTINEZ, Individually and as Next Friend of EDUARDO DEJESUS MARTINEZ LOPEZ, a Minor, and as Representative of the ESTATE OF ROSA MARIA MARTINEZ, Deceased, AMPARO LOPEZ and ISIDRO JARAMILLO, Individually and as Next Friends of ELIZA MARIE JARAMILLO LOPEZ, a Minor, | § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10-CV-393-M |
| DOUGLAS VERLE CONNER, PORT SERVICES EXPRESS, INC., INTERSTATE DISTRIBUTOR COMPANY, ASSOCIATES COMMERCIAL CORP., and SIMON VELASQUEZ, Temporary Representative of the ESTATE OF GLORIA JANETH MACIAS, Deceased, | § § § § § § § § § | |
| Defendants, | § § | |
| and | § § | |
| PEDRO MACIAS, Individually and as Next Friend of DENISE ALEXANDRA MACIAS, and as Chapter 71 Representative of the ESTATE OF GLORIA MACIAS, | § § § § § § | |
| Intervenor, | § § | |
| v. | § § | |
| DOUGLAS VERLE CONNER, PORT SERVICES EXPRESS, INC., INTERSTATE DISTRIBUTOR COMPANY, and ASSOCIATES COMMERCIAL CORP., | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' First Motion to Remand to State Court [Docket Entry #3]. For the reasons explained below, the Motion to Remand is **GRANTED**.

### I.   BACKGROUND AND PROCEDURAL HISTORY

On August 17, 2009, Plaintiffs, who are Texas citizens, filed suit against Defendants in state court for damages arising out of a motor vehicle accident that occurred when a car driven by Gloria Macias ("Macias") collided with a tractor trailer.  Pedro Macias, Macias's husband, intervened in the suit against Defendants.  Macias and her mother were killed in the accident, and several other passengers in Macias's car were injured.  According to the accident report, Macias was text messaging at the time of the accident.

On February 2, 2010, Defendant Associates Commercial Corp. ("Associates") moved for summary judgment on both Plaintiffs' and the Intervenor's petitions, arguing that it was not the owner of the tractor trailer involved in the collision, as was alleged in the petition, but merely the finance company for the vehicle.  The parties agreed that Associates' motions should be granted, and that Associates should be dismissed from the case.  However, on February 26, 2010, before that dismissal occurred, Defendants Douglas Verle Conner, Port Services Express, Inc. and Interstate Distributor Company (together, the "Removing Defendants") removed the case to this Court on the basis of diversity jurisdiction.  The Removing Defendants assert that Simon Velasquez, the temporary representative of Macias's estate, and Associates, both citizens of Texas, were improperly joined in order to defeat diversity.[1]

Plaintiffs now move to remand and for costs and attorneys' fees, arguing that: (1) joinder of Associates and Velasquez was not improper; (2) notice of removal was untimely; and (3)

---

[1] Although both parties discuss the issue as "fraudulent joinder," the Fifth Circuit has stated that the term "improper joinder" is preferred.  *Smallwood v. Ill. Central R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005).  The Court will therefore use the term "improper joinder."

removal was deficient because Associates and Velasquez did not consent to it.  Because the

Court determines that joinder of Velasquez was not improper, and that remand is therefore

appropriate, it does not reach Plaintiffs' other arguments.[2]

## II.  LEGAL STANDARD

"When a defendant removes a case to federal court on a claim of improper joinder, the

district court's first inquiry is whether the removing party has carried its heavy burden of proving

that the joinder was improper."[3]  The starting point for this inquiry is the federal removal statute,

28 U.S.C. § 1441, which in subsection (a) allows for the removal of "any civil action brought in

a State court of which the district courts of the United States have original jurisdiction."

Subsection (b) specifies that suits based on diversity are removable "only if none of the parties in

interest *properly joined and served* as defendants is a citizen of the State in which such action is

brought."[4]

Removal cannot be defeated by "fraudulent joinder of a resident defendant having no real

connection with the controversy."[5]  In the Fifth Circuit,

> the test for fraudulent joinder is whether the defendant has demonstrated that there
> is no possibility of recovery by the plaintiff against an in-state defendant, which
> stated differently means that there is no reasonable basis for the district court to
> predict that the plaintiff might be able to recover against an in-state defendant.  To
> reduce possible confusion, we adopt this phrasing of the required proof and reject
> all others, whether the others appear to describe the same standard or not.[6]

Improper joinder may be established by demonstrating either "(1) actual fraud in the

pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action

---

[2] Because all parties have agreed that Associates should properly be dismissed from this case, the Court does not
address Defendants' argument that Associates was improperly joined.

[3] *Smallwood*, 385 F.3d at 576.

[4] 28 U.S.C. § 1441(b) (emphasis added).  The requirement that no properly joined and served defendant be a citizen
of the forum state is sometimes called the "forum-defendant rule."  *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378,
391 (5th Cir. 2009) (citing 28 U.S.C. § 1441(b)).

[5] *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

[6] *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).

against the non-diverse party in state court."[7]  In determining whether a plaintiff has a reasonable

basis for recovery under state law, courts may apply a Rule 12(b)(6)-type analysis, looking at the

allegations of the petition to determine whether it states a claim under state law against the in-

state defendant.[8]

## III. ANALYSIS

The Removing Defendants argue that removal was proper under 28 U.S.C. § 1441(a),

asserting that complete diversity of citizenship exists because Texas Defendants Associates and

Velasquez were improperly joined and the amount in controversy exceeds the 28 U.S.C. § 1332

jurisdictional amount.[9]

The pleadings and the facts in this case present a curious conflict between the usual

principles of resolving any doubts regarding whether removal jurisdiction is proper against

federal jurisdiction,[10] and resolving contested fact issues in the plaintiff's favor.[11]  Plaintiffs

argue that Velasquez was not improperly joined and that the case should therefore be remanded,

---

[7] *Id.* (quoting *Travis*, 326 F.3d at 646-47).

[8] *Id.*  The district court may, in its discretion and under certain circumstances, conduct a summary judgment-type analysis by piercing the pleadings and considering all of the evidence.  *See id.* at 573-74.  However, because consideration of appropriate Rule 12(b)(6) materials is sufficient here, the Court declines the Removing Defendants' invitation to apply the alternative summary judgment-type standard.

[9] The Removing Defendants point out, and the record supports, the fact that Velasquez was not served with process when the case was removed.  28 U.S.C. § 1441(b) plainly states that an action may not be removed on the basis of diversity if any defendant "properly joined *and served*" is a citizen of the forum state.  28 U.S.C. § 1441(b) (emphasis added); *see Evans v. Rare Coin Wholesalers, Inc.*, 2010 U.S. Dist. LEXIS 13973, at *3-4 (E.D. Tex. Jan. 28, 2010) (citations omitted).  However, the Fifth Circuit has held that the "forum-defendant rule" is a procedural ground for remand, rather than a jurisdictional requirement, and is therefore waivable if not timely raised within thirty days of removal.  *See In re 1994 Exxon Chem. Fire*, 558 F.3d at 393 (discussing the Fifth Circuit's holding in *In re Shell Oil Co.*, 932 F.2d 1518 (5th Cir. 1991), that removal in violation of § 1441(b) is a defect in removal procedure, not a defect in subject matter jurisdiction, which the court found to be waived because the plaintiffs failed to move for remand within the requisite 30-day period).  This case was removed on February 26, 2010, and Plaintiffs never raised the fact that Velasquez was not served with process.  The issue is therefore waived.

[10] *See, e.g.*, *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).

[11] *See, e.g.*, *Menendez v. Wal-Mart Stores, Inc.*, 2010 U.S. App. LEXIS 2139, at *18 (5th Cir. Feb. 1, 2010) (citing *Travis*, 326 F.3d at 649).

but their position in the underlying case is that the negligence of the Removing Defendants was the sole proximate cause of the injuries and damages suffered by Plaintiffs.[12]

Although the Court must resolve all *contested* issues of fact in Plaintiffs' favor, the Court notes that Plaintiffs refer to the accident report concluding that Macias was text messaging at the time of the accident.[13]  It is clear from this fact that Plaintiffs could establish a cause of action for negligence against Macias's estate in state court.[14]  Indeed, under a heading in their petition entitled "Negligence of Gloria Janeth Macias," Plaintiffs state: "Plaintiffs believe their [sic] may be potential liability placed upon Ms. Macias, though doubtful, based upon documents generated in connection with the underlying action.  Plaintiffs incorporate herein by reference the factual allegations described more fully herein and above."[15]

Although less than a thundering accusation, this allegation gives the Court reasonable basis to find that Plaintiffs might be able to recover against Macias's estate.  The Court therefore finds that Velasquez was not improperly joined.  Because Velasquez, like Plaintiffs, is a citizen of Texas, complete diversity between the parties does not exist.[16]  The Court therefore lacks subject matter jurisdiction over this action, and it is hereby **REMANDED**.

---

[12] *See* Plaintiffs' Original Petition at ¶ 4.4 ("Due to Defendants' disregard of existing signage and/or improper lookout, minor Plaintiffs were severely injured and Gloria Janeth Macias and Rosa Maria Martinez both lost their lives.").

[13] *See* Plaintiffs' Motion at ¶ 8.00 ("Plaintiffs would direct the Court to the accident report generated in connection with this collision which places sole fault for the collision on Gloria Macias, deceased.").

[14] *See* Plaintiffs' Motion, Ex. 2 at 2 (certified accident report) ("[Macias] was text messaging on her cell phone while driving down the Road.  [Macias] was not paying attention to the roadway, drove underneath the rear of [the trailer].")

[15] Plaintiffs' Original Petition at ¶ 10.01.  The referenced factual allegations do not mention Macias's text messaging, but the reference in the petition to "documents generated in connection with the underlying action" brings the certified accident report, discussed in fn.13, *supra*, and attached as an exhibit to Plaintiffs' Motion to Remand, within the Court's review under the Rule 12(b)(6) standard.  *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (establishing that courts must ordinarily examine documents incorporated into the complaint by reference when ruling on Rule 12(b)(6) motions to dismiss).

[16] While service on a resident of the forum state is necessary in order for the case to be subject to the forum defendant rule, the Fifth Circuit has held that service is not required in order for the citizenship of all  parties to be relevant in determining whether  diversity exists.  *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant.

IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Remand is **GRANTED**.  Plaintiffs'

Motion for costs and attorneys' fees is **DENIED**.


**SO ORDERED.**

May 26, 2010.


BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.") (string citations omitted).  Therefore, non-service upon Velasquez does not prevent the Court from considering his citizenship for purposes of determining subject matter jurisdiction.